**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Joseph Edward Fornes,<br>Plaintiff,<br>v.<br>Commissioner of Social Security Administration,<br>Defendant. | No. CV-25-04144-PHX-SHD<br>**ORDER** |

Plaintiff Joseph Edward Fornes, who proceeds pro se, was found disabled by the Social Security Administration ("SSA") and now seeks review of the amount of his monthly disability benefits. (Doc. 1 at 2.) The Commissioner of Social Security ("Commissioner") moves to dismiss or, in the alternative, for summary judgment, arguing that Fornes has not exhausted his administrative remedies. (Doc. 8.) Fornes responded. (Doc. 11.) Because Fornes has not exhausted his administrative remedies as to the amount of his benefits, the motion will be **granted** and the complaint will be **dismissed** without prejudice.

## I. BACKGROUND

On January 2, 2024, an Administrative Law Judge ("ALJ") issued a fully favorable decision finding Fornes disabled since June 27, 2020. (Doc. 9 at ¶ 3(a); Doc. 11 at 6.) The ALJ did not calculate Fornes's monthly benefit amount. (Doc. 11 at 13–14; *see* Doc. 9 at ¶ 3(a)–(b).) Instead, SSA's Office of Central Operations issued a Notice of Award on January 14, 2024, finding Fornes entitled to a monthly benefit of $1,239.70, or $1,065.00

after deduction of Medicare premiums. (Doc. 9 at 14–15, 20.) That notice advised Fornes that if he disagreed with any part of his case other than the ALJ's decision, he could request reconsideration. (*Id.* at 17.)

Fornes appealed the ALJ's eligibility decision to the Appeals Council on February 4, 2024. (Doc. 11 at 16.) There, he requested reconsideration of the amount of his disability payments. (*Id.*) The Appeals Council found no error in the ALJ's eligibility decision and redirected Fornes's request for an increase in his disability payment to the appropriate field office. (*Id.* at 19 ("We note that you indicated on the Request for Review . . . that you want reconsideration on the amount of your disability payment. We have alerted the field office that services your zip code of your request.").)

Fornes later asked SSA to recalculate his monthly benefit, and SSA informed him that he was already receiving the highest benefit his earnings record supported and that his benefit could not be increased. (Doc. 9 at ¶ 3(e); *id.* at 33.) That notice again advised Fornes that he could request reconsideration within 60 days. (*Id.*) SSA has no record of Fornes appealing the calculation of his benefits to an ALJ or the Appeals Council. (*Id.* at ¶ 3(f).)

Fornes filed this action on November 6, 2025, asking that "the $1,239.70 a month" he receives in disability benefits be reviewed. (Doc. 1 at 2.) In his response to the Commissioner's dismissal request, Fornes explains that this amount is not enough to start a family and asks the court to award him $10,000,000 a month. (Doc. 11 at 1–3.)

This is not Fornes's first attempt to obtain judicial review of his benefit amount. In December 2024, he filed a nearly identical complaint in this District, which was dismissed without prejudice for failure to exhaust administrative remedies. *Fornes v. Comm'r of Soc. Sec. Admin.*, 2025 WL 1532599 (D. Ariz. May 28, 2025) (*"Fornes I"*).

## II. LEGAL STANDARD

If "matters outside the pleadings are presented to and not excluded by the court" on a Rule 12(b)(6) motion, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the

material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Both parties have submitted materials outside the pleadings: the Commissioner submitted a declaration and SSA records documenting the procedural history described above. (*See generally* Doc. 9.) And Fornes responded with his own exhibits—namely, the ALJ's eligibility decision, his appeal of that decision to the Appeals Council, and the Appeals Council's decision affirming eligibility and directing his request for a new payment determination to the local field office. (Doc. 11 at 5–21.) I will consider those materials and therefore treat the Commissioner's motion as one for summary judgment.[1] *See* Fed. R. Civ. P. 12(d); *see also McIntyre v. Eugene Sch. Dist. 4J*, 976 F.3d 902, 909 n.6 (9th Cir. 2020) (explaining that "in the rare event that a failure to exhaust is clear on the face of the complaint" an exhaustion defense may be raised under Rule 12(b)(6), but that it "should generally be raised on summary judgment").

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A "fact is 'material' only if it might affect the outcome of the case, and a dispute is 'genuine' only if a reasonable trier of fact could resolve the issue in the non-movant's favor." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014). Courts "must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inference[s] in the nonmoving party's favor." *Rookaird v. BNSF Ry. Co.*, 908 F.3d 451, 459 (9th Cir. 2018). I construe Fornes's pro se filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[1] Fornes was fairly apprised that I would consider materials outside the pleadings and had a reasonable opportunity to respond. *See* Fed. R. Civ. P. 12(d); *see also Jinkins v. Temecula Towne Ctr. Assocs., LLC,* 2019 WL 1652086, at *2 (C.D. Cal. Feb. 15, 2019). The Commissioner expressly requested, in the alternative, that I treat the motion as one for summary judgment and supported the motion with a declaration and exhibits. (Doc. 8 at 1, 4–5; Doc. 9.) Fornes responded to that motion with his own exhibits and argued that the record established the viability of this action. (*See* Doc. 11.)

## III. DISCUSSION

The Social Security Act permits judicial review of a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g); *see Smith v. Berryhill*, 587 U.S. 471, 475 (2019). A claimant obtains a final decision only after completing the administrative review process: an initial determination, reconsideration, a hearing before an ALJ, and Appeals Council review. 20 C.F.R. § 404.900(a)(1)–(4). A claimant's entitlement to benefits and the amount of those benefits are separate initial determinations, each independently subject to this review process. 20 C.F.R. § 404.902(a), (c); *see Fornes I*, 2025 WL 1532599, at *1.

There is no genuine dispute that Fornes has not exhausted his administrative remedies as to the amount of his benefits. SSA's records show no appeal of the benefits calculation to an ALJ and no request for Appeals Council review on that question. (Doc. 9 at ¶ 3(f).) Fornes does not present evidence to the contrary. His exhibits show that he appealed the ALJ's disability decision and the Appeals Council's handling of that decision, but do not demonstrate an independent administrative appeal of his benefit amount. (*See* Doc. 11 at 1–2, 5–21.) Fornes points out that SSA told him he could seek court review by filing a civil action (*id.* at 1–2), but that advice concerned *the ALJ's disability decision*, not the separate calculation of his monthly disability payment. (*See* Doc. 9 at 5–13, 17.)

Judge Lanham explained this distinction in *Fornes I*:

> The discrepancy is that Fornes was indeed entitled to appeal the ALJ's decision finding him disabled in federal court, having exhausted that question. But if he wanted to appeal the amount of benefits he was awarded—which was calculated by the OCO, not the ALJ—he had to file a motion for reconsideration first (which he did), then request a hearing with an ALJ, then request Appeals Council review, before bringing this action.

2025 WL 1532599, at *2. The same is true now. Nothing in the record shows that Fornes requested a hearing before an ALJ or sought Appeals Council review regarding the amount of his disability payments. Without a final decision from the Commissioner on that question, I cannot review it. *See* 42 U.S.C. § 405(g), (h). The Commissioner is therefore entitled to summary judgment and dismissal of Fornes's complaint. *See Jiau v. Poole*, 682

Fed. App'x 613, 614 (9th Cir. 2017) (holding that summary judgment based upon failure to exhaust administrative remedies is treated as dismissal without prejudice).

## IV. CONCLUSION

Because a federal court may only review a "final decision of the Commissioner of Social Security made after a hearing," 42 U.S.C. § 405(g), and Fornes is not appealing a final decision by the Commissioner, he is not yet entitled to bring this civil action. Fornes's complaint will be dismissed without prejudice.

Accordingly,

**IT IS ORDERED** granting the Commissioner's Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. 8) and dismissing Fornes's Complaint (Doc. 1) without prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this case.

Dated this 9th day of October, 2026.

Honorable Sharad H. Desai
United States District Judge